UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHESTER RAY WISEMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C. HERRERA, et. al,<br><br>　　　　Defendants. | Case No.: 1:12-cv-01730 AWI JLT (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 1) |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's complaint filed on October 22, 2012. (Doc. 1) As is required, the Court now screens the complaint and for the reasons set forth below, the Court **ORDERS** the matter be **DISMISSED** with leave to amend.

**I.      Screening Requirement**

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a case in which the plaintiff proceeds in forma pauperis if the court determines that the case "fails to state a claim on which relief may be granted" or is "frivolous." A claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

1

## II. PLEADING STANDARDS

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and pro se pleadings are held to "less stringent standards" than pleadings by attorneys. Haines v. Kerner, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. Jones v. Cmty Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Iqbal, 129 S. Ct. at 1949 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. Id. The Court may grant leave to amend a complaint to the extent that deficiencies of the complaint can be cured by an amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. See Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981) (quoting Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)).

### III.  Plaintiff's allegations

Plaintiff alleges that at some point in the past, he was housed at Pleasant Valley State Prison. (Doc. 1 at 4, 5)  On July 7, 2011, he was placed in the ASU. Id. at 5.  At the time, he had been designated as a priority legal user at the law library because he had litigation underway. Id.  As it turned out, in this housing assignment, on Tuesdays and Fridays, the yard time overlapped with the law library access such that Plaintiff was forced to choose to go to the law library or the yard, but not to both. Id.

On August 19, 2011, Plaintiff complained to Defendant Godinez and asked to have access to the law library at a different time.  (Doc. 5 at 5.)  Godinez told him he would have to choose the yard or the law library on these days. Id.  He was told the same basic information by Defendants A. Martinez and B. Martinez. Id. at 6-7.  The overlapping law library access and yard time continued until October 10, 2011.  Id. at 7.

On September 13, 2011, Plaintiff provided Defendant A. Martinez a small claims complaint with attachments and exhibits.  (Doc. 1 at 7)  Apparently, the total number of pages exceeded 50 pages which is the maximum number that the law library will copy for an inmate. Id.  Plaintiff provided with it an explanation for why he needed more than 50 pages copied. Id.  Plaintiff was returned only a portion of the copies requested and A. Martinez told him that Defendant Solis refused to provide the extra copies unless the small claims court rejected the filing based upon too few copies. Id.

On October 4, 2011, Plaintiff received word from the small claims court that, despite that he failed to provide sufficient copies of the complaint and the attachments, the court made the additional

copies. (Doc. 1 at 8) However, the court informed Plaintiff that it was not obligated to make copies of his exhibits and returned his original exhibits and informed him that he must provide his own copies of the exhibits. Id. Nevertheless, Defendants A. Martinez and Solis, repeatedly refused to provide the needed copies of the exhibits.[1] Id. at 8-9. Plaintiff complained to Defendant Herrera, Trimble and Cate who failed to take corrective action. Id. at 9.

On January 10, 2012, Plaintiff submitted discovery requests for copying, which he wished to propound in a case ongoing in the Central District of California. (Doc. 1 at 10) Solis refused to provide Plaintiff the requested copies. Id. Plaintiff complained to Herrera, Martinez and Nelson who failed to take corrective action. Id. at 10 -11.

On January 24, 2012, Plaintiff submitted documents for copying he intended to file, apparently, in a state court action. (Doc. 1 at 11) He requested four copies; two to serve defense counsel and, apparently, a third party, one to file (along with the original) and one to retain. Id. Apparently, A. Martinez returned only three copies. Id. at 10-11.

**IV.     The complaint must be dismissed because it fails to state a claim**

**A.     § 1983 claims against employees in their official capacity violates the Eleventh Amendment**

Plaintiff names each of the Defendants in their official capacities. (Doc. 1 at 4-5) However, naming an employee in his official capacity is "in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 165-166 (1985); Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). The Eleventh Amendment provides immunity to any State in any type of lawsuit "... in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI. Therefore, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Will, 491 U.S. at 71 ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."). Therefore, the complaint in the Defendants' official capacities as it relates to the § 1983 claim, is **DISMISSED**

---

[1] Plaintiff concludes that was in retaliation for his filing lawsuits against prison officials but there are no facts alleged to support this conclusion.

**B.     There is not an unfettered right to access to the courts**

All inmates have a constitutional right to access to the courts.  See Lewis v. Casey, 518 U.S. 343, 346 (1996); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009); Ching v. Lewis, 895 F.2d 608, 609 (9th Cir. 1990).  However, this right is limited to challenging their criminal conviction via direct appeal, collaterally through a habeas corpus petition and to vindicate civil rights in actions brought under 42 U.S.C. § 1983.  Lewis, at 353, n. 3, 354-355.  This right is guaranteed only at the pleading stage and does not include the right to discover the cases or to litigate them effectively once they are file. Id. at 354-355.

The right to access to the courts includes the right to receive basic tools such as pens and paper where they are necessary to filing the action. Bounds v. Smith, 430 U.S. 817, 821 (1977), limited in part on other grounds by Lewis, 518 U.S. at 354.  This includes also a means of making accurate copies, where they are required to file a pleading.  Allen v. Sakai, 48 F.3d 1082, 1089 (9th Cir. 1994). In addition to demonstrating official acts frustrating the inmate's litigation, where a prisoner asserts a backward-looking denial of access claim must show the loss of a "nonfrivolous" or "arguable" underlying claim. *See* Christopher v. Harbury, 536 U.S. 403, 413-414 (2002).  The underlying claim must be set forth in the pleading claiming a denial of access to the courts "as if it were being independently pursued."  Id. at 417.  Finally, the plaintiff must specifically allege the "remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought."  Id. at 415.

To establish the first element, the inmate must show he suffered an "actual injury."  Lewis, 518 U.S. at 348. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Id.  The failure to demonstrate an actual injury is jurisdictional. Alvarez v. Hill, 518 F.3d 1152, 1155 (9th Cir. 2008) ("Failure to show that a "nonfrivolous legal claim had been frustrated" is fatal").

**C.     Analysis**

Based upon these authorities, it is plain that Plaintiff has not stated a claim for denial of access to the courts.  First, the failure to provide photocopies of discovery requests he intended to serve on other parties, is not constitutionally actionable.  Lewis, at 354-355.  Second, though the court noted

1  Plaintiff failed to provide sufficient copies of his small claims action, the court did not reject the filing.
2  (Doc. 1 at 8)  Instead, the court made the needed extra copies of the complaint and the attachments.
3  Id.  There is no indication that the court's refusal to copy the attached exhibits caused him to lose a
4  non-frivolous claim.  Indeed, as to this matter and the matter for which he sought copies on January
5  24, 2012, there is no factual support whatsoever that the official's actions caused him actual injury.
6  Indeed, the Court cannot determine, even, whether either matter related to an appeal from his criminal
7  conviction, a petition for habeas corpus or a claim brought under 42 U.S.C. § 1983.  Thus, Plaintiff has
8  not stated a claim for denial of access to the courts.  Likewise, Plaintiff has failed to demonstrate that
9  he may not obtain a remedy for his lost claims except via this current litigation.

10  Finally, the fact that Plaintiff was forced to choose, on occasion, between going to the exercise
11  yard or to the law library, does not state a claim.  There is no indication in the complaint that having to
12  make this choice caused him actual injury.  Likewise, there is no factual support that the yard time
13  Plaintiff received during this period fell below that which is constitutionally required.  *See* Pierce v.
14  County of Orange, 526 F.3d 1190 (9th Cir.2008); Allen v. Sakai, 48 F.3d 1082, 1088 (9th Cir.1994);
15  Spain v. Procunier, 600 F.2d 189, 199 (9th Cir.1979).  In fact, in the three months during which yard
16  time overlapped with access to the law library, Plaintiff does not allege that he ever missed his yard
17  time.  Thus, Plaintiff has failed to state a claim.

18  **V.    Leave to Amend**

19  The Court will provide Plaintiff a final opportunity to amend his pleading to cure the
20  deficiencies noted in this order.  See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro
21  se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the
22  deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted). In his
23  first amended complaint, **Plaintiff must address the deficiencies noted here. Plaintiff is advised**
24  **that his failure to do so will result in an order dismissing this action.**

25  In addition, Plaintiff is cautioned that in his first amended complaint, he may not change the
26  nature of this suit by adding new, unrelated claims in his amended complaint.  See George v. Smith,
27  507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  Plaintiff is also advised that once he
28  files his first amended complaint, his original pleadings are superceded and no longer serve any

function in the case.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, the first amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220.  "All causes of action alleged in an original complaint which are not [re-]alleged in an amended complaint are waived." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).

## IV. CONCLUSION

Accordingly, it is **HEREBY ORDERED** that:

1. Plaintiff's complaint is (Doc. 1) is **DISMISSED with leave to amend**;
2. Plaintiff is granted 21 days from the date of service of this order to file an amended complaint that addresses the deficiencies set forth in this order. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint";
3. The Clerk of the Court is directed to send Plaintiff the form complaint for use in a civil rights action; and
4. **Plaintiff is firmly cautioned that failure to comply with this order will result in an order dismissing this action.**

IT IS SO ORDERED.

Dated:   **January 15, 2013**              **/s/ Jennifer L. Thurston**
                                            UNITED STATES MAGISTRATE JUDGE