1

2

3

4

5

6

7

8                      **UNITED STATES DISTRICT COURT**

9                      **EASTERN DISTRICT OF CALIFORNIA**

10

11   CHESTER RAY WISEMAN,                     )   Case No.: 1:12-cv-01730-AWI-JLT (PC)
                                              )
12              Plaintiff,                    )   FINDINGS AND RECOMMENDATION
                                              )   DISMISSING CASE WITHOUT LEAVE TO
13        v.                                  )   AMEND
                                              )
14   C. HERRERA et al.,                       )
                                              )   (Doc. 9)
15              Defendants.                   )
                                              )
16   ─────────────────────────────────────

17        Plaintiff Chester Ray Wiseman ("Plaintiff") is a state prisoner proceeding *pro se* with a civil

18   rights action pursuant to 42 U.S.C. § 1983. (Doc. 9).  The Court dismissed Plaintiff's complaint on

19   January 16, 2013, but granted Plaintiff leave to file an amended complaint. (Doc. 7).  Plaintiff filed his

20   first amended complaint on February 21, 2013. (Doc. 9).  The Court now screens the first amended

21   complaint pursuant to 28 U.S.C. § 1915A.

22        For the reasons set forth below, the Court recommends the matter be **DISMISSED without**

23   **leave to amend.**

24   **I.       SCREENING REQUIREMENT**

25        Because Plaintiff is seeking redress from governmental employees in a civil action, the Court

26   is required to screen his complaint in order to identify cognizable claims.  28 U.S.C. § 1915A(a)-(b).

27   The Court shall "dismiss the complaint, or any portion of the complaint, if the complaint (1) is

28   frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary

                                             1

1    relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. §

2    1915(e)(2)(B)(i)-(iii).

3    **II.      PLEADING STANDARDS**

4          **A.      Fed. R. Civ. P. 8(a)**

5          "Pro se documents are to be liberally construed" and "'must be held to 'less stringent standards

6    than formal pleadings drafted by lawyers.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting

7    Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). "[They] can only be dismissed for failure to state a

8    claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim

9    which would entitle him to relief.'" Id. Under Federal Rule of Civil Procedure 8(a), "[a] pleading that

10   states a claim for relief must contain: (1) a short and plaint statement of the grounds for the court's

11   jurisdiction, . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to

12   relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). Each allegation must be simple,

13   concise, and direct. Fed. R. Civ. P. 8(d)(1). While a complaint "does not need detailed factual

14   allegations, a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more

15   than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

16   do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal quotation marks and citations

17   omitted).

18         In analyzing a pleading, the Court sets conclusory factual allegations aside, accepts all non-

19   conclusory factual allegations as true, and determines whether those non-conclusory factual

20   allegations accepted as true state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 129

21   S. Ct. 1937, 1949-52 (2009). "The plausibility standard is not akin to a probability requirement, but it

22   asks for more than a sheer possibility that a defendant has acted unlawfully." (Id. at 1949) (internal

23   quotation marks and citation omitted). In determining plausibility, the Court is permitted "to draw on

24   its judicial experience and common sense." Id. at 1950.

25         **B.      42 U.S.C. § 1983**

26         In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show (i) that he

27   suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that

28   the violation was proximately caused by a person acting under color of state law. *See* Crumpton v.

1    Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a

2    plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act,

3    or omitted to perform an act which he was legally required to do that caused the deprivation

4    complained of. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981) (*quoting* Johnson v. Duffy, 588

5    F.2d 740, 743-44 (9th Cir. 1978)).

6    **III.     FIRST AMENDED COMPLAINT**

7           Plaintiff's cause of action arose while he was incarcerated at Pleasant Valley State Prison

8    ("PVSP") located in Coalinga, California. (Doc. 9 at 3 ¶ 3).  Plaintiff names the following as

9    defendants in both their individual and official capacities: (1) C. Herrera, a correctional captain at

10   PVSP, (2) Matthew Cate, Secretary of the California Department of Regulations, (3) R. H. Trimble,

11   the Warden of PVSP, (4) D. Nelson, a correctional lieutenant at PVSP, (5) B. Martinez, a correctional

12   sergeant at PVSP, (6) A. Martinez, a correctional officer and PSVSP, (7) R. Godinez, a correctional

13   officer at PVSP, and (8) C. Solis, the law librarian at PVSP. Id. at 3-5 ¶¶ 4-11.  Plaintiff states his

14   complaint as follows:

15          On July 7, 2011, Plaintiff was placed in the administrative segregation unit ("Ad Seg") of

16   PVSP with "priority legal user" status as he was engaged in active litigation. Id. at 6 ¶ 16.  Prisoners in

17   Ad Seg were given eight hours a week to either access the law library or engage in outdoor recreation.

18   Id. at 19-20 ¶ 43.  Defendant A. Martinez came to Ad Seg each Friday to sign-up inmates for law

19   library access, which they would be permitted to do on the following Tuesday. Id. at 6 ¶ 16.  However,

20   the time allotted for law library access overlapped with the time permitted for outdoor recreation. Id.

21          On August 19, 2011, while Defendant Godinez came to Ad Seg to sign inmates up for outdoor

22   recreation, Plaintiff requested to simultaneously access the law library and participate in outdoor

23   recreation. Id. at 6 ¶ 17.  On that same day, Plaintiff asked Defendant A. Martinez to come to the

24   outdoor recreation area to sign-up inmates for law library access. Id. at 7 ¶ 18.  Defendant Godinez

25   and A. Martinez informed Plaintiff that he could not access both the law library and the outdoor

26   recreation, as the schedules overlapped. Id. at 6-7 ¶¶ 17, 18; 8 ¶ 19.  From July 7, 2011, through

27   October 10, 2011, Plaintiff avers that he was forced to choose between accessing the law library or

28   outdoor recreation. Id. at 9; 18 ¶ 43.

1    On September 13, 2011, Plaintiff requested that Defendant A. Martinez copy his small claims

2  complaint along with its attachments and exhibits, and also copy an informal reply to an informal

3  response in a habeas corpus matter. Id. at 10 ¶ 24.  Defendant Solis refused to copy the unfiled small

4  claims action, unless the California Superior Court first rejected the claim for failure to provide the

5  requisite copies. Id. at 11 ¶ 25.  Defendant Solis also refused to copy the informal response to the

6  habeas corpus documents, indicating that it was a letter and not a formal document. Id. at 11 ¶ 26.  On

7  October 4, 2011, the Superior Court made copies of the complaint and attachments, but returned the

8  exhibits to Plaintiff, which Defendant Solis and A. Martinez then refused to copy. Id. at 12 ¶ 27.  On

9  November 1, 8, 15, and 22, 2011, Plaintiff again submitted documents pertaining to his small claims

10  matter which Defendants A. Martinez and Solis repeatedly refused to copy. Id. at 13 ¶¶ 29-31.

11    On January 24, 2012, Defendants A. Martinez and Solis refused to make four copies of

12  Plaintiff's informal reply in his "non-frivolous" habeas corpus petition. Id. at 16-17 ¶ 38.    Plaintiff

13  avers that he was unable to submit an informal response in case numbers 11CRWR680413 and

14  11CRWR680581 because Defendants failed to provide him the necessary copies. Id. at 21 ¶ 45.

15  **IV.    DISCUSSION AND ANALYSIS**

16        **A.    Naming Defendants in their official capacity violates the Eleventh Amendment.**

17    Plaintiff again names each of the Defendants in their official capacities. (Doc. 11 at 3-4 ¶¶ 4-

18  12).  As previously advised, naming an employee in his official capacity is "in all respects other than

19  name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 165-166 (1985);

20  Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); (Doc. 7 at 4).  The Eleventh Amendment

21  provides immunity to any State in any type of lawsuit "... in law or equity, commenced or prosecuted

22  against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign

23  State." U.S. Const. amend XI. Therefore, "neither a State nor its officials acting in their official

24  capacities are 'persons' under § 1983." Will, 491 U.S. at 71 ("[A] suit against a state official in his or

25  her official capacity is not a suit against the official but rather is a suit against the official's office.").

26    Plaintiff's contention that the Eleventh Amendment does not prohibit declaratory and

27  injunctive relief against Defendants is correct but is irrelevant given he seeks monetary damages

28  against each Defendant. (Doc. 11 at 5 ¶ 13; 23 ¶ 1-7).  Thus, Plaintiff fails to state a cognizable claim

4

1   against Defendants in their official capacities.  Therefore, the Court recommends the claims against

2   Defendants in their official capacities be **DISMISSED without leave to amend**.

3          **B.**       **Access to the Courts**

4          Prisoners do not have a "freestanding right" to access the law library or to legal assistance.

5   Lewis v. Casey, 518 U.S. 343, 351 (1996).  Law libraries and legal assistance programs are only the

6   means of ensuring that a prisoner's fundamental right to access the courts is preserved.  Id.  As advised

7   in the Court's Order, dated January 16, 2013, (Doc. 7 at 5), the right to access to the courts includes

8   the right to receive basic tools such as pens and paper where they are necessary to filing the action.

9   Bounds v. Smith, 430 U.S. 817, 821 (1977), *limited in part on other grounds by* Lewis, 518 U.S. at

10  354. This includes also a means of making accurate copies, where they are required to file a pleading.

11  Allen v. Sakai, 48 F.3d 1082, 1089 (9th Cir. 1994).  However, notably, in Lewis v. Casey, at 355, the

12  United States Supreme Court found the right to access the courts

13      does not guarantee inmates the wherewithal to transform themselves into litigating
        engines capable of filing everything from shareholder derivative actions to slip-and-fall

14      claims. The tools it requires to be provided are those that the inmates need in order to
        attack their sentences, directly or collaterally, and in order to challenge the conditions

15      of their confinement. Impairment of any other litigating capacity is simply one of the
        incidental (and perfectly constitutional) consequences of conviction and incarceration.

16

17         To state a claim for denial of access to the courts, a plaintiff must allege a specific actual injury

18  involving a nonfrivolous legal claim (Lewis, 518 U.S. at 351-55) and must allege facts showing that

19  he "could not present a claim to the courts because of the [Defendants'] failure to fulfill [their]

20  constitutional obligations." Allen, at 1091. There are two types of access-to-court claims: backward-

21  looking and forward-looking. See Christopher v. Harbury, 536 U.S. 403, 413-14 (2002). A backward-

22  looking claim concerns a lost opportunity to litigate, whereas a forward-looking claim concerns

23  "official action [that] is presently denying an opportunity to litigate for a class of potential plaintiffs."

24  Id. at 413.  Here, Plaintiff claims he was impaired in his ability to prosecute his habeas corpus[1]

25  actions.  (Doc. 11 at 11-12, 17, 21)  Thus, he is making a backward-looking claim.

26  _____

27  [1] As noted in the Court's previous order, only a small claims action which raises a claim under 42 USC § 1983 would give
    rise to a right to access the courts claim.  Plaintiff has failed to allege his small claims action raised such a claim and, as
    such, the interference in this action by prison officials does not give rise to a constitutional violation. Cornett v. Donovan,

28  51 F.3d 894, 898 (9th Cir. 1995)

1    To plead a backward-looking denial of access claim, Plaintiff must allege three elements.

2  First, he must show he suffered an "actual injury." Lewis, 518 U.S. at 348. An "actual injury" is

3  "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a

4  filing deadline or to present a claim." Id. The failure to demonstrate an actual injury is jurisdictional.

5  Alvarez v. Hill, 518 F.3d 1152, 1155 (9th Cir. 2008) ("Failure to show that a "nonfrivolous legal claim

6  had been frustrated" is fatal").  To suffer an actual injury, the underlying litigation which was impeded

7  must be non-frivolous.  To demonstrate this, the underlying claim must be set forth in the pleading "as

8  if it were being independently pursued." Christopher, at 417.  Second, Plaintiff must allege prison

9  officials frustrated the litigation and third, he must show that a remedy is not otherwise available in a

10  future suit. Christopher, 536 U.S. at 413-15.

11    Here, Plaintiff has not met the threshold requirement of demonstrating that he was

12  constitutionally entitled to access the law library.  Though he indicates he was impaired in his ability

13  to file an "informal reply" to an "informal response" in a habeas proceeding, clearly, this was not

14  during the pleading stage of the proceedings.  See Lewis, 518 U.S. at 354-55; Madrid v. Gomez, 190

15  F.3d 990, 995 (9th Cir. 1999); Cornett v. Donovan, 51 F.3d 894, 898 (9th Cir. 1995) ("[W]e conclude

16  the Supreme Court has clearly stated that the constitutional right of access requires a state to provide a

17  law library or legal assistance only during the pleading stage of a habeas or civil rights action."). On

18  the other hand, he claims he was not able to provide sufficient copies of exhibits to another habeas

19  corpus petition.  (Doc. 11 at 21)  Notably, however, he does not assert the court refused to accept the

20  filing or refused to consider the filing, despite the failure to provide sufficient copies.  Id.  Instead,

21  Plaintiff asserts the mere failure to provide the copies—without consequent impact on his litigation—

22  constituted actual injury.  Id.  As demonstrated above, this is insufficient.

23    Moreover, assuming the failure to provide sufficient copies in his habeas proceedings

24  frustrated Plaintiff's litigation[2], he has failed to demonstrate that his habeas corpus action was non-

25  frivolous.  Plaintiff does not separately set forth his underlying habeas corpus claim of denial of access

26  to the courts "as if it were being independently pursued." Christopher, 536 U.S. at 417.  Though

27

28
_____
[2] Notably, Plaintiff does not claim he ever missed attending the law library due to spending yard time and, instead, claims only that the failure to provide him photocopies interfered with his access to the courts.

1  Plaintiff alleges these cases were "non-frivolous," he fails to provide any factual support for this

2  conclusion.[3] Therefore, Plaintiff has, once again, failed to demonstrate a constitutional.

3      **C.**    **Outdoor exercise**

4         The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners

5  from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir.2006)

6  (citing Farmer v. Brennan, 511 U.S. 825, 832, (1994)). Prison officials therefore have a "duty to

7  ensure that prisoners are provided with adequate shelter, food, clothing, sanitation, medical care, and

8  personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir.2000) (citations omitted).

9         To establish a violation of this duty, a prisoner must satisfy both an objective and subjective

10  component. See Wilson v. Seiter, 501 U.S. 294, 298, (1991). First, a prisoner must demonstrate an

11  objectively serious deprivation, one that amounts to the denial of "the minimal civilized measures of

12  life's necessities." Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir.1996) (quoting Rhodes v. Chapman,

13  452 U.S. 337, 346, (1981)). In determining whether a deprivation is sufficiently serious, a court must

14  consider "the circumstances, nature, and duration" of the deprivation. Johnson, 217 F.3d at 731. "The

15  more basic the particular need, the shorter the time it can be withheld." Hoptowit v. Ray, 682 F.2d

16  1237, 1259 (9th Cir.1982).

17         Second, a prisoner must also demonstrate that prison officials acted with a sufficiently culpable

18  state of mind, that of "deliberate indifference." Wilson, 501 U.S. at 303; Johnson, 217 F.3d at 733. A

19  prison official is liable for denying an inmate humane conditions of confinement only if "the official

20  knows of and disregards an excessive risk to inmate health and safety; the official must both be aware

21  of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he

22  must also draw the inference." Farmer, 511 U.S. at 837.

23         The deprivation of outdoor exercise can amount to a violation of a prisoner's Eighth

24  Amendment rights. Allen v. Sakai, 48 F.3d at 1087. The Ninth Circuit has stated, "some form of

25   

---

26  [3] The Court notes Plaintiff has filed a similar claim before in the Southern District and was explicitly instructed as to the requirements for pleading such a claim. Wiseman v. Hernandez, Case No. 3:08-cv-01272 LAB NLS, Doc. 61 at 11

27  ("Here, Plaintiff's TAC offers no argument or facts to support a claim that case no. MC018854 was not frivolous . . . Plaintiff has failed to provide any factual or legal basis for his underlying claim and therefore has failed to meet the first element of the backward-looking denial of access pleading standard . . . Similarly, Plaintiff also failed to meet the third

28  element of the pleading standard; a remedy not otherwise available in a future suit."

1    regular outdoor exercise is extremely important to the psychological and physical well-being of the

2    inmates." Spain v. Procunier, 600 F.2d 189, 199 (9th Cir.1979). Therefore, as a general rule, prison

3    officials may not deprive inmates of regular exercise. See Toussaint v. McCarthy, 597 F.Supp. 1388,

4    1393 (N.D.Cal.1984). Nevertheless, "the Ninth Circuit has not identified a specific minimum amount

5    of weekly exercise that must be afforded" under the Eighth Amendment." Jayne v. Bosenko, 2009 WL

6    4281995, at *8 (E.D.Cal. Nov.23, 2009) (citation omitted).   Indeed, complete denial of outdoor

7    exercise for a month is not unconstitutional. Hayward v. Procunier, 629 F.2d 599, 603 (9th Cir.1980)

8    (denial of yard time for a month not unconstitutional); May v. Balwin, 895 F.Supp. 1398, 1406

9    (D.Or.1995) aff'd, (9th Cir.1997) 109 F.3d 557, 565–566 (denial of yard time for 21 days not

10   unconstitutional); Harris v. Fleming, 839 F.2d 1232, 1236 (7th Cir.1988) (denial of yard time for 28

11   days not unconstitutional). Furthermore, for a temporary denial of exercise to be actionable, Plaintiff

12   must demonstrate an adverse medical impact. Lopez v. Smith, 203 F.3d 1122, 1133 n. 15 (9th

13   Cir.2000).  In determining whether a deprivation of outdoor exercise is sufficiently serious, the Court

14   must consider the circumstances, nature, and duration of the deprivation. Spain, 600 F.2d at 199.

15         Here, in the three months during which yard time overlapped with access to the law library,

16   Plaintiff asserts he missed outdoor recreation on the days he went to the law library.  Plaintiff fails to

17   indicate the number of times he was missed outdoor recreation in favor of attending the law library or

18   that every time he missed yard time in favor of law library access, he was working on a pleading for a

19   direct appeal from his conviction, a collateral attack of his conviction or a § 1983 claim asserting

20   unconstitutional conditions of confinement.  Likewise, he fails to report how much yard time he

21   received during this period, despite missing some sessions to attend the law library.  Thus, Plaintiff

22   has not stated a violation of the Eighth Amendment for denial of yard time.

23         **D.      Plaintiff's Claim 1 does not state a cognizable theory**

24         In Claim I, Plaintiff avers that he was required to choose between accessing the law library and

25   partaking outdoor recreation – two constitutionally guaranteed rights. (Doc. 9 at 19-20 ¶¶ 41-43).

26   According to Plaintiff, this was done in violation of the Eighth Amendment prohibition concerning

27   cruel and unusual punishment.

28

1    Plaintiff refers to Allen v. City and County of Honolulu, 39 F.3d 935 (9th Cir. 1994) at length

2  in support of Claim I. (Doc. 9 at 8 - 10 ¶ 19).  In Allen, a prisoner brought suit because he was forced

3  to choose between accessing outdoor recreation and the law library for the six hours he was let out of

4  the segregated housing unit each week. Allen, 39 F.3d at 938-939.  The Ninth Circuit, on appeal,

5  found only that the defendant was not entitled to a finding of qualified immunity on summary

6  judgment. *See,* Id at 940.  Although factually similar to the case at bar, Allen stands for the proposition

7  that "an inmate cannot be forced to sacrifice one constitutionally protected right solely because

8  another is respected." 39 F.3d at 940.

9    As recited above, the mere fact that he was forced to choose between yard time and attending

10  the law library, does not state a claim.  He has failed to demonstrate that being forced to choose caused

11  him to receive constitutionally inadequate exercise time or that this choice caused him any actual

12  injury when trying to access the courts.  Thus, Plaintiff has failed to state a cognizable Eighth

13  Amendment and the Court recommends Claim I be **DISMISSED**.

14    **E.    Plaintiff cannot maintain an action against Defendants on the theory of *respondeat***

15  ***superior*.**

16    Under 42 U.S.C. § 1983, Plaintiff must demonstrate that each defendant *personally*

17  participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002)

18  (emphasis added). Plaintiff must demonstrate that each defendant, through his or her own individual

19  actions, violated Plaintiff's constitutional rights. Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937,

20  1948–49 (2010). Liability may not be imposed on supervisory personnel under section 1983 on the

21  theory of *respondeat superior,* as each defendant is only liable for his or her own misconduct. Id.;

22  Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). A supervisor may be held liable only

23  if he or she "participated in or directed the violations, or knew of the violations and failed to act to

24  prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989); *accord* Starr v. Baca, No. 09–

25  55233, 2011 WL 477094 *4–5 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir.2009);

26  Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir.2007); Harris

27  v. Roderick, 126 F.3d 1189, 1204 (9th Cir.1997).

28

In the present matter, Plaintiff asserts a First Amendment claim of denial of access to the courts against Defendants Herrera, Cate, Trimble and Nelson.[4] (Doc. 9 at 20-22 ¶¶ 44-47).  Plaintiff indicates that he sent letters to Defendant Trimble, the Warden of PVSP, Defendant Cate, the CDCR Secretary, and Defendant Herrera, a correctional lieutenant, informing them that he was denied access to the Court by the actions of their subordinates, but these Defendants omitted to intervene. Id. at 14 ¶ 33; 15 ¶¶ 34-35.  However, merely filing a complaint—or sending them a letter--does not indicate that Defendants Trimble, Cate or Herrera were personally aware of Plaintiff's situation or condoned it. Notably, occasional or sporadic denial of yard time does not implicate the Constitution any more than denial of access to the law library—without actual injury—does.  Thus, the fact that Plaintiff advanced an unsound legal theory to these officials—that he cannot be forced to choose between yard time or law library access—and they failed to take action as a result, fails to state a claim.

On the other hand, Plaintiff directly reported his complaint of denial of access to the courts to Defendant Nelson, a correctional lieutenant at PVSP. Id. at 16 ¶ 37.  It appears that Defendant Nelson admitted that he was aware of Plaintiff's situation, but took no action. Id.  However, for the same reasons as set forth above, Plaintiff states no cognizable First Amendment claim of denial of access to the Courts against Defendants Trimble, Cate, Herrera, or Nelson.  Therefore, the Court recommends Claim II be **DISMISSED** as to these Defendants.

**F.      Violation of California law fails to state a cognizable claim under 42 U.S.C. § 1983.**

Plaintiff asserts Defendants Herrera, Cate, Trimble, Nelson, B. Martinez, A. Martinez, and Solis violated 15 Cal. Code Reg. § 3162(b), (c) and § 3164(a). (Doc. 9 at 10-18 ¶¶ 20-40) Generally, violations of state law do not trigger a liability under 42 U.S.C. § 1983. McDaniel v. Fairfield Police Dep't, 2:11-CV-3041 KJN P, 2011 WL 6026035 (E.D. Cal. 2011).  Rather, 42 U.S.C. § 1983 creates a remedy for violations of constitutional or federal rights. 42 U.S.C. § 1983.

Moreover, to the extent Plaintiff seeks to maintain a civil claim under 15 Cal. Code Reg. § 3162(b), (c) and § 3164(a), he has no right to do so.  The Court has previously held that Title 15 of the California Code of Regulations creates no implied private right of action. *See e.g.,* K'napp v. Adams,

---

[4] In Claim II, Plaintiff also names Defendants B. Martinez, A. Martinez, and Solis.  His claims against these three Defendants are addressed separately in Subsection D.

1  2009 WL 2511907 * 4 (E.D. Cal. 2009).  Neither has Plaintiff provided any authority that would

2  permit the Court to find a statutory, implied right of action.

3        Finally, the language of 15 Cal. Code Reg. § 3162(b) and (c)[5] permits, but does not mandate,

4  that prison officials provide copying services for inmates.  Similarly, 15 Cal. Code Reg. § 3164(a)

5  indicates that inmates in administrative segregation will have access to the courts.  Taken together,

6  these statutes regulate the conduct of prison officials, but do not translate into a private right of action

7  that would permit Plaintiff to maintain his unenumerated claims against Defendants Herrera, Cate,

8  Trimble, Nelson, B. Martinez, A. Martinez, and Solis.  Thus, Plaintiff fails to state a cognizable state

9  claim.  Therefore, the Court recommends these claims be **DISMISSED.**

10                                **FINDINGS AND RECOMMENDATIONS**

11        Plaintiff fails to establish an Eighth Amendment claim of cruel and unusual punishment as he

12  does not provide any facts to demonstrate that he was constitutionally deprived in any manner.

13  Plaintiff also fails to establish a First Amendment claim of denial of access to the Courts as he does

14  not provide facts demonstrating that he sustained actual prejudice to any ongoing litigation.

15        Though Plaintiff was instructed what factual allegations had to be included to state a

16  cognizable claim and he has been advised similarly in the past by the Southern District of California,

17  Plaintiff's failure to make the required allegations is deemed to be an admission that he cannot

18  truthfully do so.  Thus, based upon the record and the facts set forth in the first amended complaint, it

19  does not appear the deficiencies in the first amended complaint addressed here can be cured by

20  amendment.  Thus, the Court finds that granting Plaintiff further leave to amend would be futile.  *See*

21  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (requiring leave to be granted to the

22  extent deficiencies can be cured by amendment).

23        Accordingly, IT IS HEREBY **RECOMMENDED** that:

24           1.   The first amended complaint be **DISMISSED without leave to amend**.

25

26

27  ───────────────
[5] Specifically, 15 Cal. Code. Reg. § 3162(b) states that "[l]egal duplication services *may* to inmates."(emphasis added).  15

28  Cal. Code Reg. § 3162(c) provides "[a] legal document…shall be limited to the maximum number of pages…not to exceed 50 pages in total length."

1         These findings and recommendations are submitted to the United States District Judge

2    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local

3    Rules of Practice for the United States District Court, Eastern District of California.  <u>Within 14 days</u>

4    <u>after being served with these findings and recommendations, Plaintiff may file written objections with</u>

5    <u>the court.</u>  Such a document should be captioned "Objections to Magistrate Judge's Findings and

6    Recommendations."  Plaintiff is advised failure to file objections within the specified time may waive

7    the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

8

9    IT IS SO ORDERED.

10       Dated:   __**May 1, 2013**__              __**/s/ Jennifer L. Thurston**__

11                                              UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28