# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHESTER RAY WISEMAN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>HERRERA, et al<br><br>　　　　　Defendants. | **Case No.  1:12-cv-01730-AWI-JLT (PC)**<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>**(Docs. 32, 34, 35)** |

　　　　On October 31, 2014, Plaintiff filed a motion for partial summary judgment.  (Doc. 32.)  On November 13, 2014, Defendants filed a motion to strike Plaintiff's motion on the grounds that it failed to comply with Federal Rule of Civil Procedure 56(e) and Local Rule 260(a).  (Doc. 34.)  Plaintiff filed an opposition on December 24, 2014.  (Doc. 38.)

　　　　In their motion to strike, Defendants correctly state that Plaintiff failed to cite to record material to support his Statement of Undisputed Facts.  (Doc. 34, p.1.)  Further, upon review, no assistance is found in his memorandum of points and authorities supporting his motion as Plaintiff only generally refers to the attached exhibits (i.e., "See Exhibits A, C, and D") rather than pointing the reader the specific evidence used to support his position/arguments (e.g.,  "See Exhibit A, Def. Godinez resp to Rog. #3, p. 3").  Thus, Plaintiff's motion for partial summary judgment is deficient as it fails to comply with both Local Rule 260 and Federal Rule of Civil Procedure 56.

  Defendants also argue that Plaintiff's declaration in support of his motion contains improper legal conclusions and opinion testimony in violation of Federal Rule of Civil Procedure 56(c)(4). (Doc. 34, p. 3.) Indeed, both of the declarations that Plaintiff attached to his motion do contain improper legal conclusions and opinion testimony rather than statements based on his personal knowledge.

  In opposition to Defendants' motion to strike, Plaintiff acknowledges the errors and argues that he can rectify the errors by being allowed to submit a new Statement of Undisputed Facts and new declarations to support his motion. However, since his motion and all supporting documents have already been filed with the Court and total nearly two-hundred pages, it appears that confusion would easily be created by allowing Plaintiff to submit edited versions of various excerpted documents. The clearer, less confusing path, would be to strike Plaintiff's motion for partial summary judgment and grant him leave to file anew.[1]

  Accordingly, it is HEREBY ORDERED that:

1. Defendants' motion to strike Plaintiff's partial motion for summary judgment, filed on November 13, 2014 (Doc. 34) is GRANTED;

2. Plaintiff's motion for partial summary judgment, filed on October 31, 2014 (Doc. 32), and is STRICKEN from the record in this action, without prejudice;

3. Plaintiff is granted leave to file another motion for summary judgment prior to the dispositive motions deadline of March 23, 2015 (*see* Doc. 27) and if Plaintiff desires to do so, but is unable to timely comply, he should request an extension of time prior to that deadline, which will be liberally considered; and

///
///
///
///
///

---

[1] Plaintiff would do well to look to the motion for summary judgment that Defendants filed on December 19, 2014 (Doc. 37) for guidelines/formatting if he desires to file another motion for summary judgment.

4. Defendant's motion for an extension of time to file an opposition to Plaintiff's motion for partial summary judgment, filed November 13, 2014 (Doc. 35), is DISREGARDED as moot.

IT IS SO ORDERED.

Dated:   **December 31, 2014**          /s/ Jennifer L. Thurston
                                        UNITED STATES MAGISTRATE JUDGE